```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

CENTENNIAL BANK,

        Plaintiff,

v.                           Case No. 8:13-cv-2091-T-33EAJ

RICHARD E. ADAMS and NANCY H. ADAMS,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Entry of Default Judgment (Doc. # 11), which was filed on October 7, 2013. For the reasons that follow, the Court grants the Motion.

**I.   Default**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in

itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On August 13, 2013, Plaintiff filed a single-count Complaint against Defendants alleging that Defendants defaulted on a promissory note in the principal amount of $100,000.00 by failing to make a payment due on April 13, 2013, the maturity date of the subject loan. (Doc. # 1 at ¶¶ 6, 10).

Plaintiff effected service of process on Defendants on August 31, 2013. (Doc. ## 6, 7). Defendants failed to file a responsive pleading. On September 25, 2013, Plaintiff filed separate motions for the Clerk's entry of default against each Defendant. (Doc. ## 8, 9). The Clerk entered a default as to both Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on September 26, 2013. (Doc. # 10).

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint, the affidavit of Sherry McGinn, Centennial Bank's "Special Asset Legal Coordinator - Florida Region" (Doc. # 11-1 at 1), and the Motion, the Court determines that the Motion is due to be granted and further determines that a hearing on this matter is not needed. Plaintiff is entitled to a judgment against Defendants for $97,792.46, which includes the principal amount of $95,954.39, interest in the amount of $1,788.07, and late fees amounting to $50.00. (Id. at 5-6).

This amount, which is capable of accurate and ready mathematical computation and ascertainment from the affidavit and other exhibits filed by Plaintiff, represents the principal sum due and owing as well as interest thereon. Specifically, Sherry McGinn provided on behalf of Plaintiff a detailed affidavit itemizing the amounts due and owing in connection with the relevant promissory note and loan agreement. (Id.). Plaintiff has additionally furnished a copy of the promissory note (Doc. # 11-2) and loan agreement (Doc. # 11-3), as well as a copy of the loan transaction history (Doc. # 11-5).

Accordingly, the Court directs the Clerk to enter a final default judgment against Defendants and in favor of Plaintiff

in the amount of $97,792.46.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Entry of Default Judgment (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants in the amount of $97,792.46.

(3) The Clerk shall thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of October, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record